UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Raymond Joseph Traylor, Sr., | Case No. 24-CV-0470 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Lisa Stenseth,<br>Warden MCF Rush City Minnesota, | |
| Respondent. | |

Petitioner Raymond Joseph Traylor, Sr., has filed another petition for a writ of habeas corpus challenging the legality of his state court convictions for two counts of first-degree criminal sexual conduct. *See* Dkt. No. 1 (challenging convictions in Case No. 62-CR-14-3082 (Ramsey Cnty. Dist. Ct.)). This matter is before the Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As a result of that review, this Court concludes that it lacks jurisdiction over Traylor's habeas petition. It is therefore recommended that this matter be dismissed without prejudice.

Traylor has previously sought federal habeas corpus relief challenging the legality of the same convictions. One of those prior habeas petitions was dismissed with prejudice on account of procedural default. *See Traylor v. Comm'r of Corr.*, No. 18-CV-1583, Dkt. 30 (D. Minn. Mar. 12, 2019) (order of dismissal). Accordingly, the habeas petition now before the Court is "second or successive" within the meaning of 28 U.S.C. § 2244(b)(3)(A). *See, e.g.*, *Opiacha v. Dep't of Human Services*, No. 22-CV-1014 (D. Minn. May 2, 2022) (citing *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009)).

1

A petitioner cannot proceed with a "second or successive" habeas petition under § 2254 unless that petition is first authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(3). Traylor has not received the necessary authorization from the United States Court of Appeals for the Eighth Circuit, and the Court therefore lacks jurisdiction over the petition from Traylor now before it.[1]

Because Traylor has not received authorization from the Eighth Circuit to file a second or successive habeas petition, this Court lacks jurisdiction over the pending Petition. Accordingly, it is recommended that the Petition be dismissed without prejudice. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (concluding that the district court lacked jurisdiction to consider a "second or successive" habeas petition without necessary authorization from appellate court). Finally, because this Court does not believe the basis upon which dismissal is recommended to be fairly debatable, it is further recommended that a certificate of appealability not be issued in this matter. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.
2. No certificate of appealability be issued.

Dated: February 28, 2024                    __s/David T. Schultz_____
                                            DAVID T. SCHULTZ
                                            U.S. Magistrate Judge

---

[1] This is not the first habeas petition filed by Traylor for which the Court has lacked jurisdiction due to being second or successive. *See Traylor v. Comm'r of Corr.*, No. 22-CV-1268, 2022 WL 2397654, at *1-2 (D. Minn. June 2, 2022), order adopting Report and Recommendation at 2022 WL 2392530 (D. Minn. July 1, 2022). Nothing relevant has changed since the time of that dismissal, and the habeas petition now before the Court is no less "second or successive" than that prior habeas petition.

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).